# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

| | |
|---|---|
| **Abdul K. Hassan, Esq.** | Tel: 718-740-1000 |
| Email: abdul@abdulhassan.com | Fax: 718-740-2000 |
| *Employment and Labor Lawyer* | Web: www.abdulhassan.com |

**June 6, 2023**

**Via ECF**

Hon. Paul A. Engelmayer, USDJ
United States District Court, SDNY
40 Foley Square
New York, NY 10007

                    **Re:** **Seaton v. K. Dew Realty Corp. et al**
                             Case #: 22-CV-08192 (PAE)(BCM)
                             Motion for Settlement Approval

Dear Judge Engelmayer:

      My firm represents plaintiff Kevin Seaton ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per Your Honor's orders, and the Second Circuit's decisions in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the fully executed settlement agreement. Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel. Exhibit 3 are the time records detailing some of the hours expended by Plaintiff's counsel on this case – Plaintiff's counsel is a solo practitioner, and he was the only attorney who worked on this case for Plaintiff. Exhibit 4 are the receipts for costs in the case.

      The claims are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought overtime claims under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

      Assuming, for settlement purposes, that Defendants overcome any contrary presumptions, and the weekly wages were intended to cover all hours worked, Plaintiff's effective hourly rate would be about $25.22/hr. and he would be owed about $473 per week in overtime wages.

It is Defendants' position that New York janitorial exemption applies to Plaintiff. Crediting Defendants with this argument for settlement purposes only at this time, we have FLSA overtime wages of about $45,408, under the FLSA's two-year period for non-willful violations and about $65,274 under the three-year statute of limitations for willful violations. Defendants may also be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense. Defendants also dispute the work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegation that he is owed wages and maintain that Plaintiff was properly compensated for all hours worked. More specifically, there is serious dispute as to whether Plaintiff's other hours claimed qualify as compensable on-call time within the meaning of the FLSA, etc.

Assuming Plaintiff prevails on his wage notice and wage statement claims he could be entitled to another $10,000 maximum ($5000 each). The law as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information at the mediation conducted by a mediator from this Court's mediation panel who guided the parties to the eventual settlement number after considering the facts, law and arguments on both sides.

The total settlement amount between Plaintiff and Defendants is $105,000. Under the settlement, Plaintiff is due to receive $69,528 after costs ($708) and a 1/3 contingency fee of $34,764 (See Ex. 1 ¶ 3).

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $34,764 plus $708 in filing ($402) and service ($306), costs. (See Ex. 4).

The hourly fees based on the attached time records (Ex. 2), are $21,912 at the retainer rate of $600/hr. for 36.52hrs or $18,258.33 at a reduced fee-shifting rate of $500/hr. See *Saravia v. Royal Guard Fence Co., Inc. et al,* 19-CV-02086 (Judge Locke EDNY – December 14, 2020)(awarding Mr. Hassan a 500/hr. rate in the context of a fee-shifting fee application and stating "I would note that there was no opposition to the $500 per hour fee and I think that fee is quite appropriate even if there was opposition. So let me just put that on the record."); *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit."); *Chowdhury v. Best Wireless 23rd Park Inc et al*, Case No. 22-CV-11005(Magistrate-Judge Aaron, SDNY, May 25, 2023 )("'Contingency fees of one-third or less in FLSA cases are routinely approved in this Circuit." Aguilar v. Tacos Grand Cent., Inc., No. 21-CV-01963 (AT), 2023 WL 2644285, at *2 (S.D.N.Y. Mar. 27, 2023) (citing Gonzales v. 27 W.H. Bake, LLC, No. 15-CV-04161, 2018 WL 1918623, at 4 (S.D.N.Y. Apr. 20, 2018) (collecting cases)). Moreover,

the fees requested amount to less than the lodestar amount. (See Time Records, ECF No. 29-1 (showing lodestar of $ 12,045.00).) "Courts in this district have found [awards larger than the lodestar] to be fair and reasonable[,]" Aguilar, 2023 WL 2644285, at 2, and, in fact, "regularly award lodestar multipliers from two to six times lodestar." Ramos v. DNC Food Serv. Corp., No. 19-CV-02967 (VSB), 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022). In line with that precedent, the Court finds that the requested attorney's fees are fair and reasonable. For these reasons, the Court approves the settlement.').

In *Fisher*, the Second Circuit analogized fee jurisprudence under *Cheeks* to fee jurisprudence under 42 U.S.C. § 1988. In *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990) – a § 1988 case, a unanimous U.S. Supreme Court held that although fees that a defendant must pay to a prevailing plaintiff is governed by the fee-shifting statute, the fees a plaintiff must pay his attorney is governed by the retainer agreement and can be different than the fees a defendant owes the plaintiff under the fee-shifting statute, especially given that the right to fees under the statute belongs to the plaintiff and not the plaintiff's attorney – an attorney therefore cannot claim or be awarded fees under the authority of the statute – it must be done under the authority of the retainer agreement. See i.e. *Caceres v. Brentwood Farmers Market, Inc. et al,* Case No. 20-cv-03476, ECF No. 15, (Judge Tomlinson - EDNY May 4, 2021)("A Court is bound to observe the provisions of a retainer agreement as well as a settlement agreement. A "'settlement agreement is a contract that is interpreted according to general principles of contract law.'" Fisher v. SD Protection Inc., 948 F. 3d 593, 605-06 (2d Cir. 2020)"); *Miller v. United Parcel Service, Inc.,* EDNY Case No. 20-CV-05244, ECF No. 15 (Magistrate Judge Wicks, February 24, 2023)(" After deducting costs, Plaintiff's counsel requests $14,685 of the $45,000 amount. In support of this award, Plaintiff's counsel submits the retainer agreement. (DE 12-2.) The award and fees here requested are "consistent with the fee arrangement set forth in the retainer agreement." *Caceres*, 2021 WL 3276637, at 2. Further, $400 for filings, $300 in mediation costs, and $244 represent "common expenses for wage-and-hour cases in this district."").

See also analysis in *Paiz Pantaleon v. Tom Cat Bakery, Inc. et al*, Case No. 20-CV-04595, ECF No. 16. See i.e. *Smith v. BRP Development Corporation et al*, Case No. 19-CV-11794, ECF No. 41 (Magistrate-Judge Moses - April 6, 2021) (following *Venegas* and *Fisher*, and approving fees under *Cheeks* based on "The retainer agreement between plaintiff and his counsel"). *Rivera v. NYC Motorcars Corporation et al*, Case No. 20-cv-02701 (Judge Furman - January 28, 2021)(Plaintiff's counsel herein sought a 1/3 retainer fee based on *Fisher* and *Venegas*. Judge Furman approved the fee "particularly because there were no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and her attorney."). *Hernandez v. Sweet Cake Box, Inc.,* Case No. 20-cv-00439 (Judge Cogan – July 7, 2020)(Plaintiff's counsel herein sought a 1/3 retainer fee based on *Fisher* and *Venegas*. Judge Cogan approved the fee and noted that "the attorneys fee of [] represents one-third of the total recovery, which is a standard fee in this District.").

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Shamsundar v. FCS Grp. LLC*, No.

3

18CV2514KAMLB, 2019 WL 3716198, at 4 (E.D.N.Y. May 22, 2019)("Plaintiff's counsel seeks $19,012 (or 33%) of the total settlement award as attorney's fees after reimbursement of $963 in costs."); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Bocanegra v. First Management Corp. et al,* Case No. 18-cv-00658, ECF No. 41, (Magistrate-Judge Pollak – June 14, 2019)(approving a 1/3 contingency fee of $19,772 under *Cheeks*); *Basiroglou v. Kefalonia Produce Corp. et al,* EDNY Case No. 20-cv-02569, ECF No. 22 (July 8, 2021)(approving 1/3 fee of about $13,867 under *Cheeks*); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff will receive a lot less or nothing. Second, the settlement amount is not trivial in relation to the claims, especially in light of the legal and factual issues. Third, Defendants dispute the hours worked by Plaintiff and wages paid. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq.

**cc:    Defense Counsel via ECF**